LAWRENCE (SCHNEIDER v.). See Case No. 12,470.

LAWRENCE (SCHUCHARDT v.). See Case No. 12,484.

---

## Case No. 8,143.

### LAWRENCE v. SCHUYLKILL NAV. CO.

[4 Wash. C. C. 562.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1825.

ACCOUNT STATED—EFFECT OF RECEIPT — MISTAKE AS TO LEGAL RIGHTS—CORRECTION OF ERRORS—COMPROMISE.

1. A receipt in full on a settled account is not conclusive on the parties, but is merely prima facie evidence of what it purports, and may be opened if it be unfairly obtained, or be given under a mistake of facts or of the legal rights of the party complaining, for the correction of such errors as may be made out by proof. But yet if it be the result of a compromise, it is binding.

[Cited in Leak v. Isaacson, Case No. 8,160; Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 12 Sup. Ct. 89.]

[Cited in Fuller v. Crittenden, 9 Conn. 406; Kelly v. Perseverance Building Ass'n, 39 Pa. St. 151. Cited in brief in Ball v. McGeoch, 81 Wis. 160, 51 N. W. 445.]

2. What kind of mistake is sufficient to admit of correction.

This action was brought to recover a balance of account claimed to be due to the plain-

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

tiff, under the· following circumstances. The plaintiff was employed to execute certain stone work, in constructing the locks on the Schuylkill Canal, for which he was to receive a stated compensation, as was proved by witnesses on the trial. After the work was completed, there was some dispute between the parties as to the quantity of work done and the price; and one of the officers of the company was directed, by one or more of the directors, to make out the account, which he did. The plaintiff was then desired to come to Philadelphia to receive what was due to him. He did so, when an account was presented to him by the directors, making the balance due to him to be $3833 (but whether it was the same as the one above alluded to, or one variant from it, did not appear in evidence), with the following memorandum subjoined, viz. "This account is to include every claim I have against the Schuylkill Navigation Company." This memorandum was subscribed by the plaintiff, who gave also to the company, at the same time, a, receipt acknowledging that he had received from them $3833 being the full amount due on the settlement of all his accounts against the said company. The sum claimed in this action is about $4000 more than that for which the receipt was given, and appeared from the evidence to arise principally from the difference between the quality and price of the work stated in the above settled account, and those proved by the witnesses. The only question of law was, whether the receipt in full, and the settled account, ought to be opened or not? The counsel for the plaintiff stated the following cases: 1 Johns. 145; 5 Johns. 68. For the defendant were cited: 1 Esp. 84, 279; Thompson v. Fausset [Case No. 13,954].

.Charles & Joseph R. Ingersoll, for plaintiff. Sergeant & Binney, for defendants.

WASHINGTON, Circuit Justice (charging jury). The only question which the court has to deal with is a mixed one of law and fact. The former is, whether a settled account, or a receipt in full, can, under any circumstances, be set aside, and parol evidence admitted to correct errors in them; and if they can, then (2) under what circumstances can it be done? The question of fact, which the jury will have to decide, is, whether the circumstances are proved to exist in the present case?

The principles laid down by this court in the case of Thompson v. Fausset are admitted by the counsel on both sides to be correct; and all therefore that will remain to be done will be to apply them to the present case. These principles are (1) that a receipt in full is not conclusive, but is mere prima facie evidence of what it purports; (2) that if proof be made that it was unfairly obtained, or that it was given under a mistake of facts, or of the legal rights of the party who gives it, it is open for examination of any errors which

may be pointed out and proved; (3) but if the claim of the person giving the receipt in full be honestly contested, and a compromise be agreed upon, both parties are bound by it. Lastly. That being prima facie evidence of what it purports, the party who would impeach it on the ground of unfairness or mistake, must maintain his allegation by proof

There is no charge of unfairness on the part of the defendants in this case. Whether there is any evidence to support a suggestion of the plaintiff's counsel that the plaintiff was tempted by his necessities, and the prospect of having them immediately ·relieved, to sign the memorandum and receipt, the jury will say. And even if that fact be proved, it will not be sufficient to open the account and receipt, unless it appears that the defendants took advantage of the circumstances to practise an imposition on the plaintiff. Whether the defendant examined the account, and understood it, before he signed the memorandum, does not appear, as no person who was present at the time, has been examined as a witness; but it may be observed, in the absence of all testimony on the subject, that it may fairly be presumed, that no man of ordinary caution will put his signature to ·an acknowledgement of the correctness of an account, and give a receipt in full for the balance stated in it, without first examining and understanding it.

The whole question then turns upon the matter of fact, whether that kind of mistake which the law allows to be sufficient to open a settled account, or to let in evidence to explain and control a receipt in full, exists in the present case? And here it may be material to explain what kind of mistake is meant. It is not sufficient for the party who attempts to impeach the instrument to allege an error in the account, by merely offering proof, that for the same services as those stated on it, other persons had received a higher rate of compensation, or even that such was agreed to be paid in the particular case; because, if the parties, with a full knowledge of their rights, agree to vary from the prices so proved, they have an undisputed right to do so, and consequently, such variances cease to be errors, in virtue of such agreement. For what is a settled account, and a receipt in full, but agreements that such account is correct, and that the claim of the party giving the receipt has been fully satisfied? And this agreement being subsequent in date to that which gave rise to the transactions, must operate to show either that the witnesses to prove that agreement are mistaken, so far as they contradict the settled account, or that the parties had afterwards thought proper, from a spirit of compromise, or from some other motive, to qualify and change the agreement so proved, and thus far to control it. But to set aside, or open the account, so as to let in explanation, the party must, in ad-

dition to such evidence. prove satisfactorily that, in agreeing to those instruments, he acted under an ignorance and mistake of his rights, either in point of law, or as to facts; for in such a case, all idea of compromise is necessarily excluded. The error may be so apparent, and of such a nature, as to prove, per se, the matter which is meant; such, for example, as miscalculation. But if the party is not shown to have acted under such ignorance, or mistake, the mere signing of the account or receipt, ought to be considered as evidence of a compromise under a new agreement. The question of fact, whether the plaintiff acted under the kind of mistake which has been mentioned, is to be decided by the jury; and if he did not, in their opinion, then the verdict ought to be for the defendants; if otherwise, the jury must examine the account, and correct any errors in it which are satisfactorily proved to exist.

Verdict for the defendants.