## FULLER *against* CRITTENDEN.

A receipt in full does not, in all cases, preclude the party giving it from shewing, by parol testimony, that a greater sum was due, which remains unpaid.

The general rule is, that such circumstances as would lead a court of equity to set aside a contract, (such as fraud, mistake or surprise,) may be shewn at law to destroy the effect of a receipt.

But where a receipt in full is given, with a knowledge of the circumstances, and there is no mistake or surprise, on one part, or fraud or imposition, on the other, it will be effectual to defeat a further claim.

Therefore, where the defendant, in an action on an agreement to pay the expense of procuring a certain mail contract, gave in evidence a bill of sundry items, including one of " cost of procuring mail contract, $50.00," with credits to balance, at the bottom of which were these words—" *Received in full*"—signed by the plaintiff ; it was held, 1. that parol testimony was admissible, on the part of the plaintiff, to shew that this bill did not include *all* the expense of procuring the mail contract ; but, 2. that the jury should be instructed, that if the plaintiff executed the receipt with a knowledge of the circumstances, and there was no mistake or surprise, on his part, or fraud or imposition, on the part of the defendant, he was not entitled to recover.

THIS was an action of *assumpsit,* on a written agreement recited in the declaration. By this agreement, the defendant, on the 28th of *March*, 1826, purchased of the plaintiff, his contract with the Postmaster-general, to convey the mail from *Middletown* to *Providence*, by the way of *Windham*, and also four horses, with stage harness complete ; and the defendant engaged to indemnify the plaintiff against all fines and penalties, until the transfer could be made at the office of the Postmaster-general, and to pay all expenses, the plaintiff had been at, in obtaining that contract. The defendant pleaded, 1st, the general issue ; and 2ndly, a release or discharge.

The cause was tried at *Tolland, April* term, 1832, before *Williams*, J.

After the plaintiff had exhibited in evidence, the written agreement on which the action was founded, the defendant produced the following writing : " *Hebron,* 28th *March,* 1826.

*Tolland,*
*August, 1832.*

Fuller
*v.*
Crittenden.

Mr. *Stephen Crittenden* bought of *Erastus Fuller,*

| | | |
|---|---|---|
| 1 Pair of sorrel or chestnut horses, 1 sorrel horse, 1 Bay horse, and stage harness, | | $500. |
| Cost of procuring the mail contract, | | 50. |
| | | $550. |
| Cr. By Cash, | $100. | |
| By note to balance, | 450. | 550. |
| Received in full, | | |

*Erastus Fuller.*"

The plaintiff then offered to prove, by parol testimony, that the sum of 50 dollars mentioned in the writing, was not paid, by the defendant, in full for all the expenses, which the plaintiff, at the time of making the agreement declared on, had been at, to procure the mail contract; that it was not received by the plaintiff, in full of such expenses; but that it was paid and received in *part* of such expenses only; and that the plaintiff had been at other and greater expenses, to procure said mail contract, than that sum. To the admission of this testimony, the defendant objected, on the ground, that said receipt was conclusive evidence, that the whole expenses had been paid. The court permitted it to go to the jury.

The plaintiff claimed, and offered testimony to prove, that there was a small mail route from *Middletown* to *Windham,* by way of *Colchester,* which he purchased of *Joel W. White,* and that the money paid him was in fact part of the expenses of obtaining the other contract. The defendant resisted this claim. The court charged the jury, that if the money thus claimed to have been paid, by the plaintiff, to *White,* was by him so paid, and was, by the parties to this suit, contemplated as part of the expenses incurred in procuring said contract, they must find a verdict for the plaintiff. The jury returned a verdict for the plaintiff; and the defendant moved for a new trial.

*Goddard* and *C. Willey,* in support of the motion, contended, 1. That by the principles of the common law, and especially by the decisions in this state, an unambiguous receipt or discharge in writing, cannot be varied, controuled or contradicted, by parol evidence. *Carter* v. *Bellamy, Kirb.* 291. *Fuller* v. *Burrell,* 2 *Root,* 297. *Herd* v. *Bissell,* 1 *Root,* 260.

*Palmer* v. *Corbin*, 1 *Root*, 271. *Anderson* v. *Henshaw*, 2 *Day*, 272. *Pierson* & al. v. *Hooker*, 3 *Johns. Rep.* 68. If a receipt like this is not conclusive, it affords no security : the accounts of the parties are still open and unsettled. Even in *England*, in the absence of fraud and mistake, a receipt cannot be controuled, by parol evidence. *Alner* v. *George*, 1 *Campb.* 392. *Bristow* & al. v. *Eastman*, 1 *Esp. Rep.* 173. *Stratton* v. *Rastall* & al. 2 *Term Rep.* 366.

2. That the charge was incorrect. In the first place, the expense of purchasing in the small mail route from *Middletown* to *Windham*, was not within the agreement on which the action is founded. Secondly, as this point depended on the construction of a writing, it was within the province and the duty of the court to give that construction, *i. e.* to determine the extent of the agreement ; and it should not have been submitted as a matter of fact to the jury.

*Porter* and *Catlin*, contra, contended, 1. That the parol evidence offered by the plaintiff, was properly admitted. The receipt set up by the defendant, is not a contract ; but it is merely evidence of payment. It is an *admission* by the plaintiff, and nothing more, and consequently, is liable to be rebutted or explained, by parol testimony. 2 *Stark. Ev.* 32. 33. *Phill. Ev.* 74. & n. 79. *Stratton* v. *Rastall* & al. 2 *Term Rep.* 366. *Benson* v. *Bennett*, 1 *Campb.* 394. n. *Bristow* & al. v. *Eastman*, 1 *Esp. Rep.* 173. *Middleditch* v. *Sharland*, 5 *Ves.* jun. 87. *Lloyd* v. *Maund*, 2 *Term Rep.* 760. 762. *Barker* v. *Prentiss*, 6 *Mass. Rep.* 430. *Stackpole* v. *Arnold*, 11 *Mass. Rep.* 27. *Tucker* v. *Maxwell*, 11 *Mass. Rep.* 143. The same doctrine is recognized in *New-York*; and it is there fully settled, by a long and uniform course of decisions, that parol evidence is admissible to vary or explain a receipt, and even to contradict it, or shew a mistake in the terms of it. *Ensign* v. *Webster*, 1 *Johns. Ca.* 145. 153. *House* v. *Low*, 2 *Johns. Rep.* 378. *Pierson* v. *Hooker*, 3 *Johns. Rep.* 68. *McKinstry* v. *Pearsall*, 3 *Johns. Rep.* 319. *Tobey* v. *Barber*, 5 *Johns. Rep.* 68. 72. *Putnam* v. *Lewis*, 8 *Johns. Rep.* 389. *Johnson* v. *Weed* & al. 9 *Johns. Rep.* 310. *Monell* v. *Lawrence*, 12 *Johns. Rep.* 531. per *Thompson*, Ch. J. *Shepard* v. *Little*, 14 *Johns. Rep.* 210.

2. That the charge to the jury was unexceptionable.—

*Tolland,*
August, 1832.

Fuller
*v.*
Crittenden.

The mail routes mentioned in the motion were really the same, so far as one of them extended, though differently described. At any rate, the court could not know, as matter of law, that they were different and distinct. This was a mere question of *fact.* The evidence in relation to this part of the case, therefore, was properly submitted, in connexion with the agreement, to the jury. *Jennings* v. *Sherwood* & al. 8 *Conn. Rep.* 122.

WILLIAMS, J.   The defendant claims, that the evidence offered by the plaintiff, was improperly admitted ; and that the charge to the jury was incorrect.

In support of the first point, he contends, that a receipt in full is conclusive, and not to be contradicted or controuled, by parol proof ; and refers to a number of cases decided by our courts. The plaintiff claims, that a receipt not under seal may be explained, contradicted or controuled, by parol testimony ; and cites a number of cases from *New-York* and *Massachusetts.*

It is certainly true, that anciently, in this State, little or no difference was made between instruments sealed and unsealed ; but instead of reducing sealed instruments to the level of those not sealed, the latter were raised to the rank of sealed instruments.   Thus, promissory notes were treated as specialties ; scrolls were substituted for seals ; and receipts assumed the places of releases.   It is equally true, that in some of our sister states, receipts not under seal are degraded to a very low station.   It was, indeed, once doubted, in *New-York,* whether a mistake could be set up, against a receipt in full, in a court of law ; (*Ensign* v. *Webster,* 1 *Johns. Ca.* 145.) since which it has been held, that receipts might be explained and contradicted ; might be shewn to be conditional ; (*House* v. *Low,* 2 *Johns. Rep.* 378.) and recently, it has been decided, that in an action declaring upon a receipt, that receipt need not be produced, not being the best evidence, as it was liable to be destroyed by parol testimony.   *Southwick* v. *Hayden,* 7 *Cowen* 335, 6.

I do not adopt either of these positions.   To say that a receipt in full, should be as sacred as a release under seal, that it may be pleaded in bar to an action, that it cannot be avoided for fraud or mistake, without resorting to a court of equity, is not the common law doctrine, and is inconsistent with the principles adopted by this court, in late decisions, regarding

promissory notes.    On the other hand, to treat receipts merely <span>*Tolland,*<br>August, 1832.</span>
as evidence of the payment of so much money, as is acknowl-
edged to have been received in them, is to leave the party <span>Fuller<br>*v.*<br>Crittenden.</span>
who has taken them, to be called to account in the same man-
ner, as one who had taken a receipt for the same sums, ex-
pressly to apply on account, and is, in effect, to deprive the
former of all benefit he has attempted to derive from a re-
ceipt in full.    No authority in this State will support this doc-
trine ; and it is believed, that none can be found in *Great-
Britain* to that effect.

In *Stratton* v. *Randall,* 2 *Term Rep.* 371. one *Avarne* wish-
ed to raise money, and secure it, by an annuity.    *Randall,* as
his surety, signed the bond and deed, and also the receipt for
the money.    The plaintiff having neglected to enrol his annu-
ity, as required by the statute, lost the benefit of it ; and he
then sought to recover back the money paid under it, and to
charge the defendant, by this receipt.    The defendant claim-
ed, that in fact he never had the money, but it was paid to
*Avarne,* and this the plaintiff knew ; and that he signed the re-
ceipt merely as surety for *Avarne.*    His counsel admitted, that
the receipt was strong, but not conclusive evidence of the
fact of payment ; and the court proceeded on the ground,
that a court of equity would distinguish between those who
received money, and those who only joined in a receipt for it ;
and that the action being a substitute for a bill in chancery, a
court of law might do the same ; and that the receipt must be
taken with all its concomitant circumstances.

In *Middleditch* v. *Sharland,* 5 *Ves.* jun. 87. the steward of
a lady, who was at times disordered in mind, to a bill for an ac-
count brought by her administrator, pleaded her receipt in full.
The Master of the Rolls said, this receipt is not sufficient to
entitle the defendant to set it up, as an absolute bar of all de-
mands.    He then adverts to a number of circumstances, ren-
dering it suspicious ; such as her state of mind, the situation of
the defendant as steward, his not denying keeping accounts,
and yet not producing any.

These cases shew, that though such receipts are not conclu-
sive ; yet the cautious manner in which they are attacked, al-
so shews, that they are not to be treated as of little importance.

In *Bristow* v. *Eastman,* 1 *Esp. Rep.* 172. Lord *Kenyon*
says, a receipt in full of all demands, when given with com-

plete knowledge of all the circumstances, is a conclusive bar to the action; and the party giving it shall not be allowed to rip up the transaction so closed and concluded.

In *Alner* v. *George*, 1 *Campb.* 393. Lord *Ellenborough* says, there can be no doubt that a receipt in full, where the person who gave it was under no mis-apprehension, and can complain of no fraud or imposition, is binding upon him.

In *Benson* v. *Bennett*, 1 *Campb.* 394. n. a receipt obtained by fraud or misrepresentation, was held to be a nullity. The same principle was recognzied in *Trisler* v. *Williamson*, 4 *Har. & McHen.* 219. And in *Fairmaner* v. *Budd*, 7 *Bing.* 574. (20 *Serg. & Lowb.* 246.) it was held, that where the signer of the receipt was illiterate, proof might be received to shew that it was not drawn according to the authority. See also *Lawrence* v. *The Schuylkill Navigation Company*, 4 *Wash. C. C. Rep.* 562.

The true view of the subject, then, seems to be, that such circumstances as would lead a court of equity to set aside a contract, (such as fraud, mistake, or surprise,) may be shewn at law to destroy the effect of a receipt. In this way, that all-important principle, that written evidence is not to be destroyed by parol—that principle which Chancellor *Kent* says, is not to be disturbed or shaken,—is preserved; and yet, where the circumstances are such, that the receipt ought not to operate, the party need not to be driven to a court of equity.

To apply these principles to the case before the court; it was proper to admit parol testimony to shew, that the receipt did not include *all* the expenses incurred in obtaining the mail contract. But lest it might be inferred, that the receipt was only evidence of the payment of so much money, the jury should have been instructed, that if the plaintiff executed the receipt, with a knowledge of the circumstances, and there was no mistake or surprise, on his part, or fraud or imposition, on the part of the defendant, he was not entitled to recover. As this evidence was admitted, without the proper guard or restriction, the defendant may have suffered from it; and although that point does not appear to have been distinctly presented to the court, yet justice requires, that the case be submitted under these restrictions. There must, therefore, be a new trial.

The other Judges were of the same opinion, except Bissell, J., who was not present when the case was argued.

New trial to be granted.